IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DEBRA MYERS,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:19-CV-1916-L** |
| § | |
| **TOG HOTELS DOWNTOWN DALLAS,** § | |
| **LLC d/b/a Crowne Plaza Hotel** § | |
| **Downtown Dallas; and TOG HOTELS** § | |
| **FORT WORTH, LLC,** § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

On March 24, 2021, the court held a hearing regarding Plaintiff's Debra Myers ("Plaintiff" or "Ms. Myers") Request for Hearing on Plaintiff's Amended Motion for Default Judgment (Doc. 11), filed February 19, 2021. Prior to holding the hearing, the court had concerns about the sufficiency of some of Ms. Myers's allegations in Plaintiff's Original Complaint ("Complaint") (Doc. 1), and the court raised these concerns at the hearing and **issues** this opinion and order.

The court was concerned whether some of Plaintiff's allegations were sufficient to support a default judgment. In *Wooten v. McDonald Transit Associates, Inc.,* the Fifth Circuit stated:

> "A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." Put another way, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." "On appeal, the defendant, although he may not challenge the sufficiency of the evidence, is entitled to contest the sufficiency of the complaint and its allegations to support the judgment."

788 F. 3d 490, 496 (5th Cir. 2015) (citations omitted).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517

**Memorandum Opinion and Order – Page 1**

F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing the sufficiency of the pleadings, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A court cannot look beyond the pleadings in making this determination. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

The ultimate question in determining whether a complaint states a valid claim is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation

omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

Plaintiff's Complaint alleges claims of sex and age discrimination, and claims of retaliation with respect to her age and sex discrimination claims against Defendants TOG Hotels Downtown Dallas, LLC and TOG Hotels Fort Worth, LLC. Ms. Myers also seeks damages for the alleged discrimination and retaliation. At the hearing the court raised concerns about the sufficiency of some of the allegations supporting her claims because of the authority set forth in *Twombly* and *Iqbal* regarding pleading requirements. The court's concerns were whether Plaintiff had alleged sufficient allegations for it to reasonably infer that Defendants are liable for the misconduct alleged. The court also raised concerns because of the language in *Wooten* that stated a defendant against whom a default judgment was entered "is entitled to contest the sufficiency of the complaint and its allegations to support the judgment" on appeal. 788 F. 3d at 496.

The court informed Plaintiff that it would not be in the interest of justice for her, given the court's concerns, if the Fifth Circuit found certain allegations insufficient to state a claim upon which relief could be granted and reversed a ruling by this court granting her relief by way of a default judgment. As the court set forth its concerns at the hearing, there is no reason for it to do so here. Plaintiff ultimately agreed that she should amend her Complaint.

The issue whether Plaintiff has to re-serve Defendants with the amended pleading was also discussed. The court could not find any authority from the Fifth Circuit that is directly on point as

**Memorandum Opinion and Order – Page 3**

to whether a plaintiff must re-serve a defendant with an amended pleading when such defendant is in default based on service of the original pleading and summons. Notwithstanding the lack of a case directly on point, the court believes that the Fifth Circuit's holding in *Fluor Engineers and Constructors, Inc. v. Southern Pacific Transportation Company*, 753 F. 2d 444 (5th Cir. 1985), is sufficiently analogous to the issue facing this court. In *Fluor*, the court concluded that service of a crossclaim under Federal Rule of Civil Procedure 5 on a co-defendant that had not yet appeared in the action was not effective under Rule 4 of such rules, even though the co-defendant had been subjected to the jurisdiction of the court when the plaintiff served it with an amended complaint and summons. *Id*. at 449. The court further stated:

> We note that the rule requires service of "new or additional claims for relief asserted against parties in default for failure to appear to be accompanied by a Rule 4 summons. Parties who have not yet appeared to defend an action ought to be afforded the same notice for new or additional claims . . . .

*Id*. at 449 n.7.

As the court will order Plaintiff to file an amended pleading, it does not know whether additional or new claims will be asserted, or whether the amended pleading will be materially changed. Accordingly, the court determines that, to ensure that no procedural error occurs, Plaintiff's amended pleading must be served on Defendants in accordance with Federal Rule of Civil Procedure 4.

In light of its ruling, the court **denies without prejudice** Plaintiff's Amended Motion for Default Judgment (Doc. 9); **directs** Plaintiff to file an amended pleading that addresses the concerns raised by the court at the hearing by **April 12, 2021**; and **directs** Plaintiff to **re-serve** Defendants TOG Hotels Downtown Dallas, LLC, and TOG Hotels Fort Worth, LLC, in accordance with Federal Rule of Civil Procedure 4.

**It is so ordered** this 29th day of March, 2021.

                                                                Sam A. Lindsay
                                                                United States District Judge